

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| CARLTON LOWERY, | § | |
|     Plaintiff, | § | |
| vs. | § | Civil Action No. 0:21-1567-MGL |
| | § | |
| AMERICAN ROLLER GROUP | § | |
| HEALTH PLAN, | § | |
|     Defendant. | § | |

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT JUDGMENT**

**I.     INTRODUCTION**

Pending before the Court is Plaintiff Carlton Lowery's (Lowery) request for entry of default judgment against Defendant American Roller Group Health Plan (American). For the reasons stated below, Lowery's request will be granted.

**II.    FACTUAL AND PROCEDURAL HISTORY**

"[Lowery] is/was employed by American Roller Company[,]" and he "was provided health insurance coverage via [American,] which is fully funded by American Roller Company." Compl. ¶ 4. Lowery "underwent certain medical treatment in September and October 2019[,]" and the "resulting claims were submitted to [American's third-party] administrator, Continental Benefits, for processing and payment pursuant to the terms of the health insurance plan." *Id*. ¶ 5.

"Continental issued certain [Explanation of Benefits (EOBs)] for the above referenced treatment in late-October and November 2019[,]" but the EOB's failed to "comply with 29 C.F.R. § 2560.503-1(g)." *Id.* ¶ 6. Lowery subsequently "contacted [Continental] and requested that it re-issue [Employee Retirement Income Security Act of 1974 (ERISA)] compliant EOBs so that [he] would have an opportunity to appeal the same." *Id.* ¶ 8. "Continental . . . failed and refused to re-issue the EOBs[,]" and Lowery "deem[ed] that his claim[s] [were] denied[,] as [was] his right per 29 C.F.R. §2560.503-1[,] and that his administrative remedies [were] fully exhausted." *Id*.

As is relevant here, on May 27, 2021, Lowery filed a complaint against American alleging a cause of action pursuant to 29 U.S.C. § 1132(a)(1)(B). The following day, a summons was issued advising American it had twenty-one (21) days from the date of service to answer the complaint.

According to American's Plan Document (Plan Document), its agent for service of process is: American Roller, 1440 13th Avenue, Union Grove, Wisconsin 53182. Lowery served the summons, complaint, and answers to local rule 26.01 interrogatories on American, as outlined in the Plan Document, via certified mail, return receipt requested. On June 17, 2021, American accepted service of the summons, complaint, and answers to local rule 26.01 interrogatories by signing the United States Postal Service delivery receipt card. The above service was sufficient pursuant to Fed. R. Civ. P. 4(h).

To date, American has failed to file an answer to the complaint. On August 2, 2021, Lowery filed a request for entry of default against American, and, on that same day, the Clerk of Court filed an entry of default against it. The following day, Lowery filed a request for default judgment and supplemented the filing on August 12, 2021.

The Court, having been fully briefed on the relevant issues, is now prepared to discuss the merits of Lowery's request for entry of default judgment.

**III.     STANDARD OF REVIEW**

Federal Rule of Civil Procedure 55 governs the process for obtaining a default judgement, creating a two-step process. "The first step is the entry of default, which must be made by the clerk '[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise.'" *Fidrych v. Marriott Int'l, Inc.*, 952 F.3d 124, 130 (4th Cir. 2020) (quoting Rule 55(a)). Upon entry of default, a defendant "admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Ryan v. Homecomings Financial Network*, 253 F.3d 778, 780 (4th Cir. 2001) (citation omitted). But, "a default is not treated as an absolute confession by defendant of his liability and of the plaintiff's right to recover." *Id*.

"The second step is the subsequent entry of default judgement," which may be done in one of two ways. *Fidrych*, 952 F.3d at 130. "If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation," then the clerk may enter judgment on the defendant's default. Rule 55(b)(1). If the plaintiff's claim is not for a sum certain, however, then it must be done by the Court. *See* Rule 55(b)(2) ("In all other cases, the party must apply to the court for a default judgment. . . .").

Because "a default is not treated as an absolute confession by defendant of his liability and of the plaintiff's right to recover," the Court must, upon request for judgement on the entry of default, "determine whether the well-pleaded allegations in [the plaintiff's] complaint support

the relief sought in this action." *Ryan*, 253 F.3d at 780 (citations omitted). In other words, if this Court concludes the well-pleaded allegations of Lowery's complaint support the relief he seeks against American, then, by reason of default, liability has been established.

A judgement of default, however, is not final without a determination of relief. *See Fidrych*, 952 F.3d at 130 (holding a default judgment for the plaintiff that determines liability but does not fix the amount of damages is not a final judgment because there can be no final judgment without a determination of relief). Therefore, if the Court determines liability has been established, the Court must then determine damages in accordance with Rule 55(b).

## IV.     DISCUSSION AND ANALYSIS

As noted above, American failed to file an answer to Lowery's complaint and the Clerk of Court filed an entry of default against it. Thus, by virtue of default, American has admitted the allegations as set forth in Lowery's complaint are true, and American is prohibited from contesting those facts as on appeal. *See Ryan*, 253 F.3d at 780 (holding that a "defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established"). The Court will now address the claim Lowery made against American in the complaint.

### A.     *Lowery's ERISA Claim*

ERISA requires plan administrators adhere to the procedures set forth in the Code of Federal Regulations, specifically 29 C.F.R. § 2560.503-1. Those procedures require that denial letters issued to claimants such as Lowery contain certain pertinent information.

The Supreme Court has held that ERISA "sets forth a special standard of care upon a plan administrator, namely, that the administer discharges [its] duties in respect to discretionary

claims processing solely in the interests of the participants and beneficiaries of the plan . . . ." *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105, 115 (2008) (internal citations omitted).  The ERISA notice requirements direct an administrator to provide "specific reasons" for a denial of benefits.  29 C.F.R. § 2560-503.1(g)(1)(i).  The Fourth Circuit has warned plan administrators to provide specific reasons rather than conclusory statements.  *Weaver v. Phoenix Home Life Mut. Ins. Co.*, 990 F.2d 154, 158 (4th Cir. 1993).  "The notice must also contain: (1) references to specific plan provision(s) the decision is based upon; (2) a description of additional material necessary for the claimant to file a claim and why such information is necessary; and (3) a description of the plan's review procedures and timelines. 29 C.F.R. § 2560.503-1(g)(1)." *Shepherd v. Cmty. First Bank*, Case No. 8:15-04337-DCC, 2019 WL 1405849 at *16 (D.S.C. Mar. 28, 2019).

> Lowery, in his complaint, contends:
>
>> In particular the EOBs' failure to comply with the Code of Federal Regulation include but are not limited to: notifying [Lowery] of the specific reasons that his claim was being denied (29 C.F.R. § 2560.503-1(g)(1)(i)); citing to the specific plan terms that were the basis for denial (29 C.F.R. § 2560.503-1(g)(1)(ii)); and advising [Lowery] of what information [he] needed to submit to perfect his claim and why that information was necessary (29 C.F.R. § 2560.503-1(g)(1)(iii)).

Compl. ¶ 6.  29 C.F.R. § 2560.503-1(l)(1) provides the outcome for a plan administrator's failure to follow appropriate claim procedures:

> [I]n the case of the failure of a plan to establish or follow claims procedures consistent with the requirements of this section, a claimant shall be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue any available remedies under section 502(a) of the Act on the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim.

Thus, by reason of American's default, Lowery has established his claim under ERISA, which is well-pleaded and supports the relief sought. American, by and through its third-party claims administrator, Continental, issued relevant EOBs for medical treatment undergone by Lowery that failed to comply with the requirements of 29 C.F.R. § 2560.503-1(g). Lowery contacted Continental and requested the EOBs be reissued and that those EOBs comply with the requirements of 29 C.F.R. § 2560.503-1(g). Continental failed and refused to reissue the EOBs and, therefore, Lowery, pursuant to 29 C.F.R. § 2560.503-1(l)(1), filed the matter *sub judice* for health insurance benefits pursuant to 29 U.S.C. § 1132(a)(1)(B). Accordingly, American is liable to Lowery for damages caused by its violation of ERISA and the applicable Code of Federal Regulations.

As discussed above, if the Court concludes liability has been established, then the Court must also determine damages. *See Fidrych*, 952 F.3d at 130 (holding that a default judgment for the plaintiff that determines liability but does not fix the amount of damages is not a final judgment because there can be no final judgment without a determination of relief).

"If a plaintiff's claim is for a sum certain or a sum that can by made certain by computation," default judgment may be entered by the clerk of court "on plaintiff's request, with an affidavit showing the amount due." Rule 55(b)(1). When the damages amount is not for a sum certain, however, entry of default judgment must be completed by the Court pursuant to Rule 55(b)(2), which provides that "[t]he court may conduct hearings . . . when . . . it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Rule 55(b)(2).

Here, the Court concludes there is no need for an evidentiary hearing on the issue of damages because a decision can be properly reached on the basis of the uncontested pleadings

and Lowery's August 12, 2021, supplemental filing detailing his damages. *See Anderson v. Found. For Advancement Educ. & Emp't of Am. Indians*, 155 F.3d 500, 507 (4th Cir. 1998) (holding "in some circumstances a district court entering a default judgment may award damages ascertainable from the pleadings without holding a hearing[.]"); *Ins. Servs. of Beaufort, Inc. v. Aetna Cas. & Sur. Co.*, 966 F.2d 847, 853 (4th Cir. 2014) (holding that "a default judgment may not be entered without a full hearing unless the damages are liquidated or otherwise uncontested[.]").

Lowery's supplemental filing demonstrates he suffered monetary damages in an ascertainable amount as a result of American's violation of ERISA, and the amount of damages suffered is ascertainable in the sum of $156,351.85. The Court has reviewed Lowery's submissions and determined they adequately support his claims and provide a reasonable basis for determining relief.

## V.     CONCLUSION

For the reasons set forth above, this Court concludes American is liable to Lowery on the claims in his complaint and further determines Lowery is entitled to recover damages from American as follows: actual damages in the amount of $156,351.85. Lowery is also found to be entitled to an award of his reasonable attorney's fees and costs incurred in the prosecution of this action pursuant to 29 U.S.C. § 1132(g). Lowery's award of attorney's fees and costs will be addressed in a separate Order.

**IT IS SO ORDERED**

Signed on this 14th day of October, 2021, in Columbia, South Carolina.

                                              s/ Mary Geiger Lewis
                                              MARY GEIGER LEWIS
                                              UNITED STATES